U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

2019 MAR 26  PM 12: 16

CLERK

BY _____ILW_____

DEPUTY CLERK

**PATTI J. PRUSAK**
**Plaintiff,**

**CIVIL ACTION NO.**

v.

5: 19·cv· 47

**ALLSTATE INSURANCE COMPANY,**
**and SAFECO INSURANCE COMPANY OF**
**INDIANA,**
**Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL
## AND FOR DECLARATORY RELIEF

Plaintiff, Patti J. Prusak, by and through her counsel Affolter Gannon, 15 Brickyard Road, Essex

Junction, VT 05452, complains as follows:

1. Plaintiff, Patti Prusak, is a resident of Anchorage in the State of Alaska.

2. Defendant, Allstate Insurance Company (hereinafter "Allstate"), is and was an Illinois

   corporation with a principal place of business at 2775 Sanders Road, Northbrook, Illinois,

   60062.

3. Defendant, Safeco Insurance Company of Indiana (hereinafter "Safeco"), is and was

   engaged in the insurance business with a statutory home office, main administrative

   office and/or principal place of business located at 1400 S. Highway Drive, Ste. 100,

   Fenton, MO 63026. Safeco is authorized to transact business, and has transacted

   business, in the State of Vermont.

4. On the evening of September 17, 2016, Plaintiff was driving in a northern direction on

   Franklin Street in Brandon, Vermont. She was operating a Dodge Caliber belonging to

   her friend, Franca Carr.

1

5. On the same evening, Wedge was driving south on a Honda motorcycle on Franklin Street in Brandon.

6. Wedge began to drive in the oncoming/northbound lane of Franklin Street and was passing cars to his right at a high rate of speed.

7. Wedge drove his motorcycle straight at Plaintiff's vehicle. In an attempt to avoid hitting Wedge head on, the Plaintiff turned the wheel to the right and Wedge slammed into the driver's side door of Plaintiff's vehicle with great velocity.

8. Wedge was operating his motorcycle while intoxicated.

9. Wedge had consumed approximately five beers prior to the accident and was found to have been driving under the influence.

10. Wedge was charged, and convicted, of driving under the influence.

11. Wedge failed to maintain a proper lookout for vehicles on the roadway ahead of him.

12. Wedge failed to maintain proper control over his motorcycle.

13. Wedge failed to operate his motorcycle in a safe and careful manner.

14. As a result of Wedge's negligent and reckless conduct in operating his motorcycle, Ms. Prusak suffered damages, including severe personal injury.

15. As a result of Wedge's negligent and reckless conduct in operating his motorcycle, Ms. Prusak has required extensive medical treatment.

16. As a result of Wedge's negligent and reckless conduct, Ms. Prusak has incurred medical expenses.

17. On September 17, 2016, Wedge was covered under a policy of automobile insurance issued by Progressive Insurance Company with bodily injury coverage limits of $25,000 per person.

2

18. Ms. Prusak sustained damages and losses in excess of the $25,000 per-person bodily injury limits of the Progressive auto insurance policy that covered Wedge.

19. On September 17, 2016, there was in effect one or more policies of insurance issued to Ms. Carr, which included coverage for bodily injury caused by an uninsured/under-insured motor vehicle.

20. On September 17, 2016, Defendant Allstate had issued to Franca Carr, the owner of the vehicle being operated by the Plaintiff, one or more policies of insurance which included coverage for bodily injury caused by an uninsured/under-insured motor motor vehicle.

21. Allstate's policy, number 925 130 502, included uninsured/under-insured motor vehicle coverage for bodily injury of $100,000 per person.

22. As a result of the September 17, 2016 collision, Ms. Prusak sustained damages and losses in excess of the $100,0000 per person bodily injury underinsured motorist limits of the Allstate auto insurance policy that covered the vehicle being operated by Patti Prusak and owned by Franca Carr.

23. As of September 17, 2016, there was in effect an automobile insurance policy issued by Defendant Safeco to the Plaintiff, with a policy number H0177354.

24. Safeco's policy, number H01773541, included uninsured/under-insured motor vehicle coverage for bodily injury of $100,000 per person and $300,000 per occurrence.

25. As a result of the September 17, 2016 collision, Ms. Prusak sustained damages and losses in excess of both the $100,000 per person bodily injury underinsured motorist limits provided by the Allstate's auto insurance policy and in excess of the $100,000 per person bodily injury underinsured motorists limits provided by Safeco's automobile insurance policy issued to the Plaintiff.

26. Upon information and belief, there was in effect on September 17, 2016 a personal umbrella insurance policy, UH1556951, issued by Safeco to Ms. Prusak with policy limits of $1,000,000.  Defendant Safeco has denied that Ms. Prusak is entitled to benefits for her bodily injuries under its personal umbrella policy.

### CLAIM FOR UNINSURED MOTORIST INSURANCE BENEFITS

27. As a result of the September 17, 2016 collision, Ms. Prusak has sustained damages and losses in excess of the per-person bodily injury limits of the Progressive Insurance Company auto liability policy that covered Wedge and was in effect as of the date of the collision.

28. Under the terms of the under-insured motorist insurance provisions of the auto insurance policy or policies issued by Defendant Allstate to Ms. Carr, Ms. Prusak is contractually entitled to recover damages for bodily injury resulting from the September 17, 2016 collision, in excess of the per-person bodily injury limits amount of the Progressive Insurance Company auto liability policy that covered Wedge and was in effect as of the date of the collision, up to the applicable coverage limits of the Allstate auto policy or policies.

29. Under the terms of the under-insured motorist insurance provisions of the auto insurance policy or policies issued by Defendant Safeco to Ms. Prusak, Ms. Prusak is contractually entitled to recover damages for bodily injury resulting from the September 17, 2016 collision, up to the applicable coverage limits of Defendant Safeco's automobile policy or policies.

30. Under the terms of the under-insured motorist insurance provisions of the umbrella policy issued by Safeco to Ms. Prusak, Ms. Prusak is contractually entitled to recover damages

Affolter Gannon | 15 Brickyard Road, Essex Junction, VT  05452 | 802 87-2797  (fax) 802 878-6269

from Defendant Safeco for bodily injury resulting from the September 17, 2016 collision,

up to the applicable coverage limits of the Safeco umbrella policy.

31. Defendants, Allstate and Safeco, have failed to pay benefits to Ms. Prusak under the

under-insured motorist provisions of the auto insurance policy or policies or the umbrella

policy they issued to her.

32. Defendant Safeco has denied that Ms. Prusak is entitled to benefits under its personal

umbrella policy with Safeco.  Ms. Prusak is entitled to a determination of the contractual

benefits due to her under this umbrella policy.

## DEMAND FOR JURY TRIAL

Plaintiff elects a trial by jury as to all issues.

**WHEREFORE,** Plaintiff requests that the Court:

1.    Enter judgment in Plaintiff's favor;

2.    Determine that Plaintiff is afforded coverage for her damages sustained as a

result of the September 17, 2016 motor vehicle accident under Defendant Safeco's

personal umbrella policy;

3.    Award Plaintiff compensatory damages against Defendants, including for

physical injury, pain and suffering, and loss of enjoyment of life, and for medical

expenses, in the amount determined by the jury;

4.    Award Plaintiff pre-judgment interest on all readily ascertainable damages,

including medical expenses;

5.    Award Plaintiff her attorney's fees; and

6.    Award Plaintiff her costs of suit.

Affolter Gannon | 15 Brickyard Road, Essex Junction, VT  05452 | 802 87-2797  (fax) 802 878-6269

DATED at Essex Junction, Vermont this 25th day of March, 2019.

AFFOLTER GANNON
Attorneys for the Plaintiff

By:

Michael J. Gannon, Esq.,
Sara Moran, Esq.

6